CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/9/2021
JULIA C. DUDLEY, CLERK
BY:   s/ A. Little
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **FIVE STAR ACADEMY, INC. and** )<br>**TONY DEMARCO WEST** )<br> )<br> **Plaintiffs** )<br> )<br>**v.** )<br> )<br> )<br>**TESLA, INC.  d/b/a Tesla Motors, Inc.** )<br> )<br> **Defendant.** )<br> ) | **Case No.:**  6:21cv00011<br><br>**NOTICE OF REMOVAL** |

Defendant Tesla Motors, Inc. (named herein as Tesla, Inc. d/b/a Tesla Motors, Inc. ["Tesla"])
hereby removes to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, an action pending in the
Circuit Court, City of Lynchburg, Virginia, Case No.: CL21000116 ("state action").  Removal is
proper for the following reasons:

### RELEVANT PROCEDURAL HISTORY

1.      On or about February 10, 2021, Plaintiffs Five Star Academy, Inc. and Tony DeMarco
West ("Plaintiffs") filed the state action as against Defendant Tesla, asserting claims for violation of
the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law") (Count I) and for breach of
express and implied warranties under the federal Magnuson-Moss Warranty Act ("MMWA") (Count
II) (*see* Summons and Complaint, attached hereto as Exhibit "A").

2.      Plaintiffs' claims are all based upon allegations that their 2019 Tesla Model S, VIN:
5YJSA1E28JF336845 ("subject vehicle") contained alleged defects relating to the doors and windows
that Plaintiffs allege were not timely repaired pursuant to the Tesla written limited warranty
(Complaint, Exhibit "A" hereto).

- 1 -

3.      In connection with both claims, Plaintiffs seek a "full buy-back of the vehicle, including: the full contract price, all collateral damages, incidental damages, interest, and reasonable attorney's fees (calculated as $500.00 per hour or 1/3rd of the total recover, whichever is greater) and costs" (*see* Complaint ¶¶ 14, 20).

4.      Plaintiffs allege they purchased the subject vehicle on September 1, 2019 and paid a purchase price of $94,928.13 (*id.* ¶ 1).

5.      On or about February 16, 2021, Defendant Tesla first received a copy of the Summons and Complaint.

6.      Therefore, this Notice of Removal is timely, as it is filed within thirty (30) days of receipt of the Complaint by Defendant.  *See* 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL**

**I.      THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332**

7.      Pursuant to 28 U.S.C. § 1441 (a), a defendant may remove to federal district court, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

8.      Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ."  A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c).

///

///

A.     <u>**Complete Diversity Exists.**</u>

9.     Defendant Tesla, Motors, Inc. is incorporated under the laws of the State of Delaware with a principal place of business located in California (*see* Entity Information, Tesla Motors, Inc., Exhibit "B" hereto).

10.     Plaintiff Five Star Academy, Inc. is incorporated under the laws of the Commonwealth of Virginia with a principal place of business located in Virginia (*see* Entity Information, Five Star Academy, Inc., Exhibit "C" hereto; *see also* Complaint, Exhibit "A" hereto).

11.     Plaintiff Tony DeMarco West is a citizen of Virginia (*see* Retail Installment Contract, Exhibit "D" hereto).

12.     Therefore, there is complete diversity of citizenship of the parties.

B.     <u>**The Amount in Controversy Exceeds $75,000.**</u>

13.     The test for determining the amount in controversy in a diversity jurisdiction action is "the pecuniary result to either party which a judgment would produce." *See Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir.2002) citing *Gov't Employees Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir.1964). Furthermore, "if the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84 (2014); *see also JHT Tax, Inc. v. Frashier,* 624 F.3d 635, 683 (4th Cir. 2010) (holding that "[i]n most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination").

14.     Here, Plaintiffs have asserted claims under the Virginia Lemon Law and the MMWA (*see* Complaint, Exhibit "A" hereto). Under both claims, Plaintiffs seek to recover a refund of the purchase price of the subject vehicle, alleged to be $94,928.13, in addition to incidental damages and attorneys' fees (*see id.*). Therefore, by Plaintiffs' own allegations of actual damages sought (and

without considering the incidental damages or attorneys' fees claimed), the $75,000 amount in controversy threshold is met. *See Woods v. Maserati North America, Inc.,* 2018 WL 5018453 (E.D.Va. 2018) (finding jurisdiction proper where the plaintiff sought recovery of a refund of an alleged vehicle purchase price of $89,170.34 in connection with claims under the Virginia Lemon Law and the MMWA).

15.     Accordingly, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.  Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## II.     THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1331

16.     In addition to proper jurisdiction under 28 U.S.C. § 1332, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

17.     Accordingly, this Court has original jurisdiction over this civil action as it involves a claim arising under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq. *See* 28 U.S.C. § 1331.

18.     The MMWA states in relevant part that a plaintiff may bring such a claim in federal court where the amount in controversy exceeds $50,000. *See* 15 U.S.C. § 2310(d)(3)(B).  The amount in controversy under the MMWA is determined by the damages sought under the MMWA claim and not an aggregate of all pendent state law claims.  *See Misel v. Mazda Motor of America, Inc.,* 420 Fed.Appx. 272, 274 (4th Cir. 2011).

19.     As set forth above, Plaintiffs seek to recover a full refund of the contact price in the amount of $94,928.13 in connection with the MMWA claim (*see* Complaint ¶ 20).  Therefore, it is facially apparent from the Complaint that the amount in controversy for Plaintiffs' claims under the MMWA exceeds $50,000.  *See Woods, supra.*  Accordingly, jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d)(3)(B).

20.     Moreover, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Specifically, Plaintiffs' claims under the MMWA and the Virginia Lemon Law are all based upon the same allegations that the subject vehicle contained alleged defects that were not timely repaired (*see* Complaint, Exhibit "A" hereto).  Accordingly, this Court has jurisdiction over Plaintiffs' state law claims because such claims are derived from the same common nucleus of factual allegations and thus, are part of the same case or controversy as Plaintiffs' claims under the federal MMWA.  See 28 U.S.C. § 1367(a).

## III.    ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET FOR REMOVAL TO THIS COURT

21.     With the filing of this Notice of Removal, Defendant Tesla is providing written notice to all parties of record and is filing a copy of this Notice of Removal with the clerk of the Circuit Court, City of Lynchburg, Virginia, pursuant to 28 U.S.C. § 1446(d).

22.     Pursuant to 28 U.S.C. § 1446(a) no other state court process, pleadings, orders or papers have been served upon Defendant other than the Summons and Complaint attached hereto as Exhibit "A".

23.     This Court embraces the county and court in which the State Action was initially filed.  *See* 28 U.S.C. § 127.  Therefore, this action is properly removed to this Court.

///

WHEREFORE, Defendant Tesla Motors, Inc. respectfully requests that this matter, currently

pending in the Circuit Court of the City of Lynchburg, Virginia be removed to this Court.

Dated:  Albany, New York                              ROSEWALDORF PLLC
        March 9, 2021

                                            By:     _s/ Mark W. Skanes_____
                                                    Mark W. Skanes, Esq.
                                                    (Va. Bar No.: 86953)
                                                    Attorneys for Defendant
                                                    Tesla Motors, Inc.
                                                    501 New Karner Rd.
                                                    Albany, New York 12205
                                                    Phone: (518) 869-9200
                                                    Fax: (518) 869-3334
                                                    mskanes@rosewaldorf.com


## CERTIFICATE OF SERVICE

I hereby certify that this Notice of Removal and Civil Cover Sheet, filed through the ECF

system on this date, will be sent electronically to the registered participants as identified on the Notice

of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered.

Dated:  Albany, New York
        March 9, 2021

                                                     _s/ Mark W. Skanes_____
                                                    Mark W. Skanes, Esq. (Va. Bar No.: 86953)